**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

| | |
|---|---|
| DIANE PFISTER, individually and on behalf of ) | **COMPLAINT - CLASS ACTION** |
| all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| PROFINITY, LLC, a Florida limited liability ) | |
| company, d/b/a Profinity; FAMILY SAVINGS, ) | |
| LLC, a Nevada limited liability company; ) | |
| MARTIN TOHA; MARK BEACHAM, ) | |
| PAUL QUINTAL; RANDI SWATT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

1.     Diane Pfister ("Plaintiff") brings this complaint against Defendants (as defined below) for damages, injunctive relief, and any other legal or equitable remedies from the illegal actions of Defendants sending unsolicited text messages to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

2.     Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own experience, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction over this class action pursuant to 28 U.S.C. §1332(d)(2) which explicitly provides for the original jurisdiction of the federal court in any class action in which any member of the Class is a citizen of a state different from any defendant, and in which the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.  Plaintiff alleges that the claims of individual class members in this action are well in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and that the total number of members of the proposed Class is greater than 100, as required by 28 U.S.C. §1332(d)(2), (5).  Further, as set forth below, Plaintiff is a citizen of a state different from either defendant.

4.     This Court has personal jurisdiction over Defendants and venue is proper in this Court pursuant to 28 U.S.C. §1391 because:

a.     many of the acts giving rise to this action occurred in this District;

b.     the Defendants conduct substantial business in this District and have intentionally availed themselves of the laws of this District through the promotion, marketing, distribution and sale of their services in this District;

1

    c.    the LLC Defendants are authorized to do business and maintain their principal places of business in this District.

## PARTIES

5.    Plaintiff is, and all times mentioned herein was, an individual citizen and resident of the State of Ohio.  Plaintiff is, and all times mentioned herein was a, "person(s)" as defined by 47 U.S.C. §153(10).

6.    Defendant Family Savings, LLC is a limited liability company organized in the state of Nevada with its principal place of business at 399 NW 2nd Avenue, Suite 206, Boca Raton, Florida 33432 and its current mailing address at 7491 N. Federal Highway, Suite C-5 #307, Boca Raton, Florida  33487.

7.    Defendant Profinity LLC is a Nevada corporation with its principal place of business at 399 NW 2nd Avenue, Suite 206, Boca Raton, Florida  33432.  Its mailing address is 7491 N. Federal HWY, Ste C-5, #307, Boca Raton, Fl 33487.

8.    Defendants Family Savings, LLC and Profinity LLC jointly do business as "Profinity," a membership organization offering coupons, discounts and other consumer services to its members.  Defendants conduct business throughout the United States.

9.    Defendant Martin Toha is the founder of Profinity, LLC and, at all relevant times herein, has served as its Chief Executive Officer.

10.    Defendant Mark Beacham is, and all relevant times herein was, the President of Profinity, LLC.

11.    Defendant Paul Quintal is, and all relevant times herein was, the Executive Vice President of Profinity, LLC in charge of sales and marketing.

12.    Defendant Randi Swatt is, and all relevant times herein was, the Chief Operating Officer of Profinity, LLC in charge of marketing and advertising.

## COMMON ALLEGATIONS OF FACT

13.    Companies and marketers are constantly looking for cheap and effective advertising alternatives to solicitation by telephone, facsimile machine, and e-mail.  Recently, many companies have taken to sending cheap unsolicited messages via SMS, or text messaging.

14.    SMS (abbreviation for "short message service") is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.  An SMS message is directed to a cellular telephone through the use of the user's phone number.  When the SMS message is received, the recipient's cellular telephone alerts the recipient that a text message has been received.  Since most people carry their cellular telephone with them and check their incoming text messages shortly after receiving them, this type of communication is very effective.

15.    Like bulk email advertising, bulk text messaging is extremely inexpensive to send. However, unlike email spam, text messages often cost the recipient money, either because the wireless service provider charges for each text message sent or received or because the user is limited to a preset number of free text messages, and any text message above that number will be charged.  Text messages are charged to the recipient regardless whether the recipient consented to receive the text message.  Accordingly, SMS/text-message spam is much more harmful than email spam because the sender can actually obligate recipients to pay for text messages they never wanted or authorized.  For this reason, and because this type of spam also violates the recipient's privacy, Congress has enacted the TCPA strictly prohibiting the sending of this type of spam text messages.

## Defendants Send Text Messages to Consumers Who Do Not Want Them

16.    On or around August 23rd, plaintiff received an unsolicited text message from Profinity.  Plaintiff's cell phone rang, indicating that a text message was being received.

3

The "from" field of the transmission was identified cryptically as "42227" which Plaintiff later learned was an abbreviated telephone number known as an SMS short code.  This text message was sent directly or with the knowledge and consent of Defendants.



17.    At no time did Plaintiff consent to the receipt of a wireless spam text message from Defendants.

18.    The phone number listed in the SMS is owned and operated by Defendants.  When someone calls the phone number, an automated voice message system offers the caller numerous vouchers and coupons.  If the caller presses the number 1 for more details, the caller is automatically connected to a Profinity salesperson who then attempts to sell the caller three negative option plan subscriptions.

**Defendants' Acts Violated the Telephone Consumer Protection Act 47 U.S.C.**

19.    Defendants' actions violated the Telephone Consumer Protection Act 47 U.S.C. 227(b)(1)(A)(iii), which makes it unlawful for anyone "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . .  cellular telephone service, . . . ."

20.    Defendants contacted Plaintiff on Plaintiff's cellular telephone via an "automatic

4

telephone dialing system," as defined by 47 U.S.C. §227(a)(1).

21.     Defendants sent identical or substantially similar SMS text messages to a list of cellular telephone numbers.

22.     By sending an unsolicited text message, Defendants used an "automatic dialing system" to make "any call" to "any telephone number assigned to a … cellular telephone service" as provided in 47 U.S.C. §227(b)(1)(A)(iii).

23.     The telephone number to which Defendants sent the unsolicited text message was assigned to a cellular telephone service.

24.     These unsolicited text messages constituted calls that were not for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A).

25.     Plaintiff did not provide prior conspicuous or express consent to receive calls and/or unsolicited text messages on Plaintiff's cellular telephone, pursuant to 47 U.S.C §227(b)(1)(A).

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this suit as a class action on behalf of herself and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).  Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Class may be expanded or narrowed.  The proposed Class consists of:

> All persons in the United States and its Territories who received one or more unsolicited text messages by or on behalf of Profinity from four years prior to the filing of this complaint until the present.

Excluded from the Class are Defendants and their officers and directors, legal representatives, successors or assigns, and any person or entity related to, affiliated with, or controlled by the Defendants.

27.     This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. Pro. 23 and case law thereunder.

28.     **Numerosity**: Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

29.     **Commonality**: Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

a.      Did Defendants' spam text messages violate 47 U.S.C. 227?

b.      Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

c.      Did Defendants' commit multiple violations of 47 U.S.C. 227 each time they sent a new message to a member who did not consent to receive the spam text messages?

These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class.

30.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct.  Plaintiff, like other members of the Class, received an unsolicited spam text message from Defendants. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class.

31.     **Adequacy**: Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

32.     Plaintiff is similarly situated in interest to all of the members of the proposed Class and is committed to the vigorous prosecution of their action and has retained competent counsel experienced in the prosecution of class actions.  Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

33.     Plaintiff explicitly reserves the right to add additional class representatives, provided that Defendants are given an opportunity to conduct discovery on the chosen representative(s).  Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification.

34.     This suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(2) because Defendants have acted, and/or have refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief.  Specifically, injunctive relief is necessary and appropriate to require Defendants to: discontinue sending unsolicited and unauthorized spam text messages to the public.

35.     **Superiority:** In addition, this suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to all customers throughout the United States who received an unsolicited spam text message from Defendants.  The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class could afford such litigation, the court system could not.  Individualized litigation presents a potential for

inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

36.     Adequate notice can be given to Class members directly using information maintained in Defendants' records or through notice by publication.

37.     Unless a class is certified, Defendant will continue to use illegal advertising methods to contact the public which violate the privacy rights of innocent recipients of their advertisements and may cost them money.  Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the public will continue to be harmed.

**FIRST CAUSE OF ACTION**

**Unintentional Violation of the Telephone Consumer Protection Act 47 U.S.C. §227**

**(Alleged as to all Defendants)**

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 et seq.

40.     As a result of Defendants' violations of 47 U.S.C. §227, *et seq*., Plaintiff and the Classes are entitled to an award of at least $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

41.     Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting

such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violation of the

### Telephone Consumer Protection Act 47 U.S.C. §227

### (Alleged as to all Defendants)

42.   Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

43.   Defendants knowingly and willingly engaged in conduct violative of the TCPA. As a result, Plaintiff and the Classes are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(c).

44.   Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class Members the following relief against Defendants:

1.   An order certifying this case as a class action on behalf of the Class as defined above, appointing Plaintiff Diane Pfister as a representative of the Class, and to appoint her counsel as lead class counsel.

2.   As a result of Defendants' negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for herself and each class member $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

3.   As a result of Defendants' willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by

9

statute, up to $1,500.00 for each and every violation, pursuant to 47 U..C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

4.    Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief as necessary.

5.    An award of reasonable attorneys' fees and costs.

6.    Any other relief the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: September 26, 2011

Law Offices of Stefan Coleman, PLLC
Stefan Coleman (Florida Bar # 0030188)

By:    _____
        Stefan Coleman
        1072 Madison Ave, Suite 1,
        Lakewood, NJ 08701
        Telephone:   (877) 333-9427
        Facsimile:   (888) 498-8946
        Email: law@stefancoleman.com

Of Counsel:

WEISS & LURIE
Jordan L. Lurie  (jlurie@weisslurie.com)
Joel E. Elkins (jelkins@weisslurie.com)
10940 Wilshire Blvd., 23rd Floor
Los Angeles, CA 90024
Telephone:   (310) 208-2800

Attorneys for Plaintiff and the Proposed Class