UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 11-81080-CIV-MARRA/JOHNSON

| | |
|---|---|
| DIANE PFISTER, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>PROFINITY, LLC, a Florida limited liability company, d/b/a Profinity; FAMILY SAVINGS, LLC, a Nevada limited liability company; MARTIN TOHA; MARK BEACHAM, PAUL QUINTAL; RANDI SWATT,<br><br>              Defendants. | **CLASS ACTION**<br><br>**PLAINTIFF'S RULE 56(d) MOTION FOR DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

Pursuant to Federal Rules of Civil Procedure 7 and 56(d), Plaintiff hereby moves the Court to order discovery and any other such action as the Court may deem just under the circumstances to enable Plaintiff to fully and fairly respond to Defendants' Motion to Dismiss Or, in the Alternative, For Summary Judgment ("Motion").

Plaintiff concurrently has filed a response to Defendants' Motion on the ground that the Motion can and should be denied, *even if Defendants' version of the facts is accepted as true*, because Profinity is vicariously liable for the acts of its third party marketer under the TCPA, as a matter of law. In the event that the Court does not deny Defendants' Motion, the Court should grant this instant motion for additional discovery because Plaintiff satisfies the requirements of Rule 56(d), namely (1) Plaintiff cannot provide facts by affidavit and cannot fully present relevant facts in opposition to Defendants' Motion; (2) there has been no opportunity for discovery; (3) the discovery sought will establish a number of triable issues and Plaintiff has identified specific information in the possession of Defendants and third parties, but not available to Plaintiffs, that establish those facts; and (4) Plaintiff has identified specific discovery relevant to the issues raised by Defendants which are calculated to lead to the discovery of admissible evidence.

As the unavailability of the facts contained in the discovery and depositions sought herein by Plaintiff will have a material and adverse impact on the substance of Plaintiff's opposition to Defendants' Motion (unless the Motion is denied), Plaintiff respectfully requests the Court to timely rule on the instant motion or extend the date for filing Plaintiff's opposition to the Motion until a reasonable time after such a ruling or the ordered discovery is completed. Plaintiff is informed that Defendants will oppose this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RULE 56(d) MOTION FOR DISCOVERY**

I.  INTRODUCTION AND SUMMARY

Plaintiff's Complaint alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* by sending unsolicited text messages to Plaintiff and the class. Defendants have moved for summary judgment solely on the ground that they are not liable under the TCPA because the text messages at issue were sent by Defendants' third-party marketer, Moonlight Drive Marketing ("MDM"), and that Defendants instructed the third-party marketer to not send text messages on Defendants' behalf.[1]

As set forth in further detail in the accompanying Declaration of Jordan L. Lurie in Support of Plaintiff's Request for Denial or Continuance of Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) ("Lurie Decl."), Plaintiff cannot properly respond to Defendant's Motion for Summary Judgment ("MSJ" or "Motion") because she has not had sufficient opportunity to conduct discovery as to the factual issues raised in the Motion. Defendants filed their MSJ at the very earliest stage of this case, as their initial response to the Complaint, and prior to any formal discovery. The Motion raises factual issues involving the application of agency principles and the activities of a third-party marketer not identified in the Complaint and includes two declarations and 39 pages of documents not referenced in the Complaint.

Since receiving Defendants' Motion, Plaintiff has diligently served discovery on the issues raised by the MSJ but will not receive responses before her opposition to the Motion is

---

[1]Plaintiff concurrently also has filed a Response to Defendants' Motion on the ground that the Motion can and should be denied, *even if Defendants' version of the facts is accepted as true*, because Profinity is vicariously liable for the acts of its third party marketer under the TCPA, as a matter of law. Plaintiff has filed this Rule 56(d) Motion in the event that the Court finds that Defendants are not strictly liable under the TCPA and that agency principles apply, in which case, Plaintiff requests the opportunity to obtain the discovery necessary to respond to the specific facts set forth in the MSJ, as provided by Rule 56(d).

2

due. Specifically, Plaintiff has sought to obtain discovery from the third party marketer, MDM, to determine, *inter alia*, whether, in fact, MDM and not Profinity sent the text messages at issue; whether Defendants had control over the manner or means by which the text messages were sent by MDM; whether Defendants were aware of MDM's actions prior to the time that Plaintiff filed this action; whether Defendants stood to benefit or benefitted at all from MDM's sending of text messages; whether Defendants took any or proper steps to ensure that illegal text messages were not being sent on their behalf by MDM; whether Defendants failed to supervise MDM; whether the contractual relationship between MDM and Profinity is a joint venture; and whether Defendants knew that MDM was sending text messages on their behalf. Plaintiff also has sought discovery directly from Profinity to support Profinity's contentions as set forth in the MSJ, and Plaintiff has noticed the depositions of key deponents and witnesses.

In order to fairly respond to the factual arguments made in Defendants' Motion (if the Court does not deny Defendant's motion for the reasons set forth in Plaintiff's Response), Plaintiff requires responses to outstanding discovery and the opportunity to put forth sufficient evidence from which a reasonable trier of fact could conclude that Defendants maintained the kind of agency control necessary for liability to attach under the TCPA. As a matter of fundamental fairness, Plaintiff requests the opportunity to obtain the necessary discovery to respond to the MSJ, as provided by Rule 56(d).

The Lurie Declaration details Plaintiff's discovery efforts to date and demonstrates why Plaintiff cannot fully and adequately respond to the factual issues raised in Defendants' motion absent this discovery.

## II.     STATUS OF THE LITIGATION

The Complaint was filed on September 26, 2011 (Dkt #1) and sent out for service on the registered agent of the corporate defendants on October 5, 2011. The Complaint alleges that on

or around August 23, 2011, Plaintiff received an unsolicited text or SMS message from Profinity. SMS (abbreviation for "short message service") or text messaging is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An SMS message is directed to a cellular telephone through the use of the user's phone number. When the SMS message is received, the recipient's cellular telephone alerts the recipient that a text message has been received. Since most people carry their cellular telephone with them and check their incoming text messages shortly after receiving them, this type of communication is very effective. Complaint, ¶¶14, 16.

Plaintiff's cell phone rang, indicating that a text message was being received. The "from" field of the transmission was identified cryptically as "42227" which Plaintiff later learned was an abbreviated telephone number known as an SMS short code. Complaint, ¶16.

The SMS number is owned and operated by Defendants. When someone calls the phone number, an automated voice message system offers the caller numerous vouchers and coupons. If the caller presses the number 1 for more details, the caller automatically is connected to a Profinity salesperson. Complaint, ¶18

On October 13, 2011, the summons and complaint were successfully served on the two corporate defendants at their principal place of business. (Dkt #12, 13). On October 20, 2011, the individual defendants waived service of process of the summons and complaint. (Dkt #20).

On October 24, 2011, the Court held a Telephonic Scheduling Conference before the Honorable Linnea R. Johnson, resulting in the Court issuing a Scheduling Order. (Dkt #11)

On November 2, 2011, the parties met and conferred telephonically regarding Defendants' request for an extension of time to file their Motion. Plaintiff's counsel indicated that it would not oppose Defendants' request for an extension until November 7, 2011, with Plaintiff's opposition to be due no later than December 12, 2011.

4

On November 7, 2011, the Court granted Defendants' Unopposed Motion, which also included a briefing schedule on the Motion. (Dkt #17).

**III.   PLAINTIFF IS ENTITLED TO A FAIR OPPORTUNITY TO RESPOND TO DEFENDANTS' MOTION**

Plaintiff is entitled to a fair opportunity to respond to a Defendants' Motion. When a plaintiff cannot by affidavit present "facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f). Rule 56(f) "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the non-moving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

Where "the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988) (citation omitted). *See also* ("Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests") (citations omitted); *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1532 (11th Cir. 1986) (per curiam) ("The purpose of Rule 56(f) is to allow parties opposing summary judgment an opportunity to obtain additional time or to be excused from obtaining unavailable affidavits or other discovery."). A party may seek postponement by specifically demonstrating "how postponement of a ruling on the motion will enable him, by discovery . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1259 n.3 (11th Cir. 2004). As set forth below, Plaintiff here satisfies these conditions and is, therefore, entitled to the discovery requested.

## IV.   PLAINTIFF CANNOT FULLY AND COMPLETELY RESPOND TO DEFENDANTS' MOTION WITHOUT THE OUTSTANDING DISCOVERY

Plaintiffs cannot fully and adequately respond to the factual issues raised in Defendants' MSJ at the present time because there are outstanding discovery requests that are relevant to the issues and contentions raised in the Motion.

Defendants contend in their Motion that they are not liable for the actions MDM performed on their behalf because Defendant specifically instructed MDM not to send SMS messaging and terminated the contract as soon as they discovered what MDM had done. Defendants' Motion is supported by two separate declarations and 39 pages of exhibits, alleging specifics of the deal which they contend alleviates them of liability for the violative conduct. There is currently no dispute as to Plaintiff's contention that she received an unsolicited text message directing her to a phone number which connects the caller to a Profinity salesperson who attempts to sell the caller three negative option plan subscriptions.  However, as part of their MSJ, Defendants contend that third party marketer, MDM, contracted with Defendants for a "warm transfer deal" whereby it would be paid for promoting Defendants' inbound call program.

Since receiving the MSJ, Plaintiff has been diligent and expeditious in her efforts to obtain discovery on the issues raised by the Motion, serving third-party subpoenas on MDM almost immediately after receiving Defendants' MSJ papers; serving Requests for Production of Documents on Defendant almost immediately after first being contacted by a representative for MDM; and noticing depositions of key witnesses.

### A.   Plaintiff's Discovery Efforts to Date

Specifically, after receiving Defendants' MSJ on November 7, 2011, Plaintiff drafted third party document subpoenas to MDM and Higher Ground Concepts, LLC, the two entities indicated on the contracts attached to the declaration of Paul Quintal in support of the MSJ.  A

6

copy of the subpoena and Attachment A is attached as Exhibit A to the Lurie Decl.  The subpoenas were sent out for service and Defendant was served with notice of the subpoenas on November 8, 2011.  MDM was served with the subpoena on November 12, 2011.  The subpoena on Higher Ground has never been served because no working address or agent of process could be located.  The return date on both subpoenas was November 23, 2011.  Lurie Decl., ¶15.

On November 21, 2011, counsel for MDM contacted Plaintiff's counsel and requested an extension of time to respond to the subpoena.  Plaintiff's counsel agreed to extend the date for formal objections and responses until December 1, 2011 on the condition that by November 29, 2011, MDM's counsel advise Plaintiff as to whether, in fact MDM sent the text messages at issue and whether MDM's version of the facts was different than the version described by Defendants.  Lurie Decl., ¶16.  A copy of counsel's confirming email and letter on November 21, 2011, in which he agreed, on November 29, 2011, "to discuss Moonlight's position relative to Profinity's assertions" are attached as Exhibit B to the Lurie Decl.

On November 29, 2011, MDM's counsel advised Plaintiff's counsel by email that "I have spoken to my clients and the short answer is there isn't much yet to tell as far as their position on the case."  Lurie Decl., ¶16.  A copy of MDM's counsel's November 29, 2011 email is attached as Exhibit C to the Lurie Decl..

On December 1, 2011, MDM served only objections and no documents in response to the subpoena.  On or about December 1 and 2, 2011, Plaintiff's counsel contacted MDM's counsel and left messages with various attorneys at that firm and ultimately spoke with Christine Wawrynek.  Plaintiff's counsel again explained the need for the information requested from MDM.  To date, the information has not been fully provided, either formally or informally.  Lurie Decl., ¶17.  On December 5, 2011, Plaintiff's counsel wrote to counsel for MDM requesting a meet and confer to discuss and resolve the objections.  A copy of Plaintiff counsel's

letter is attached as Exhibit D to the Lurie Decl.

On December 2, 2011, Plaintiff's counsel drafted and had served deposition subpoenas on Andrew Stollman and George Miller, who, according to Profinity's MSJ papers, were respectively the MDM representative chiefly responsible for negotiating the Insertion Order, and Profinity's in-house counsel tasked with reviewing the Insertion Order and Terms and Conditions. These depositions are scheduled to take place on December 16, 2011 in New York. Lurie Decl., ¶18.

On November 21, 2011, Plaintiff also served on Defendants a set of Requests for Production of Documents, consisting of seventeen categories of documents relating to the issues and contentions raised in Defendants' MSJ. A copy of the Requests for Production of Documents is attached as Exhibit E to the Lurie Decl. The date of production of documents is set for "within thirty (30) days of the date of service." Allowing three days for service by mail, the documents will be due on the first workday after December 24, *i.e.*, December 27, 2011. The parties have begun the meet and confer process regarding the scope of the production.

  **B.**  **The Requested Discovery is Necessary**

If the Court is inclined to disagree with Plaintiff's position, as set forth in Plaintiff's Response to the Motion, that Profinity is vicariously liable for the acts of its third party marketer as a matter of law, all of the discovery described above is necessary to obtain information underlying Defendants' purportedly undisputed factual assertions in the MSJ at 3-6, and the discovery is reasonably calculated to lead to admissible evidence. The discovery Plaintiff seeks goes to the following triable issues of fact raised by Defendant's Motion concerning the agency relationship between MDM and Profinity that will need to be resolved by this Court:

  a.  Whether the text messages in questions, in fact, were sent by MDM or by
     Defendants;

8

    b.      Whether Defendants had control over the manner or means by which the text messages were sent by MDM and the extent of such control;

    c.      Whether Defendants had actual knowledge or were aware of MDM's actions on Profinity's behalf prior to the time that Plaintiff filed this action;

    d.      Whether Defendants provided MDM with marketing materials, and Profinity's instructions to MDM with respect to such materials;

    e.      Whether Defendants stood to benefit, or benefitted at all, from MDM's sending of text messages;

    f.      Whether Defendants failed to supervise MDM;

    g.      Whether Defendants took any or proper steps to ensure that illegal text messages were not sent on their behalf;

    h.      Whether Defendants rewarded MDM by compensating MDM for each new customer generated and/or for products or services sold or placed on Profinity's behalf;

    i.      Whether the contractual relationship between MDFM and Profinity is a joint venture;

    j.      Whether Defendants' agreement with MDM contemplated sending of SMS messages;

    k.      The owner of the short code of the SMS sent to Plaintiff and the class.

The foregoing information sought by Plaintiff is directly responsive to Defendants' supposed "undisputed material facts" upon which their Motion For Summary Judgment is based. Motion at 3. Without this discovery, Plaintiff will be unable to properly respond to Defendants' contentions that are at the heart of its MSJ. Accordingly, Plaintiff requests that, pursuant to Fed. R. Civ. Proc. 56(d), the Court delay ruling on Defendants' MSJ to allow her adequate time

to receive and review the outstanding discovery relevant to the Motion.

Based on the foregoing, the requirements of Rule 56(d) are met:

Plaintiff Is Unable to Provide the Needed Facts by Affidavit:

Plaintiff cannot establish the relevant facts by affidavit as she was not personally involved in the violations by Defendants or their subsequent investigation. Essentially all of the factual material relevant to this case, *i.e.*, information regarding the agreement between Defendants and MDM, is in the hands of Defendants and MDM. Plaintiff has served discovery on the corporate defendants as well as MDM and its counsel, Mr. Miller.

Plaintiff Has Not Had Any Opportunity For Discovery:

There has been no discovery in this case because Defendants filed their Motion less than one month after being served with the Complaint and prior to a 26(f) conference.

Facts Possessed By Defendants and Third Parties Establish Triable Issues:

Defendants have contended that they are free of liability for the unsolicited text messages at issue because the messages were sent by a third party which was specifically instructed by Defendants not to use text messaging in its marketing for Profinity. Defendants rely heavily on *Charvat v. EchoStar Satellite, LLC*, 676 F. Supp. 2d 668 (S.D. Ohio 2009) for the proposition that agency principles apply here and that Profinity is not liable because Profinity did not control the "manner or means" by which the text messages were sent. Plaintiff's outstanding discovery focuses on the scope and extent of the agency relationship between Defendants and MDM, including the facts necessary to determine "manner or means" by which the messages were sent.

Plaintiff Seeks Specific Discovery:

Plaintiff has identified specific discovery, described in detail above, which is necessary to respond to factual issues raised by Defendants' summary judgment motion. The discovery sought by Plaintiff is relevant, and not only needed to rebut Defendants' factual allegations, but

also calculated to lead to the discovery of admissible evidence. Thus, "[d]iscovery is often necessary to allow the Court to make a fully informed decision on Defendant's summary judgment motion." *Banks v. Veneman*, 402 F. Supp. 2d 43 (D.D.C. 2005) (denying Defendant's motion because "discovery is necessary before summary judgment can be properly considered").

## IV. CONCLUSION

Plaintiff has demonstrated that she satisfies all the requirements to obtain an Order for discovery and depositions pursuant to Rule 56(d) because: (1) Plaintiff cannot provide facts by affidavit; (2) there has been no opportunity for discovery; (3) the discovery sought will establish a number of triable issues; and (4) Plaintiff has identified specific discovery relevant to the issues raised by Defendants which are calculated to lead to the discovery of admissible evidence.

Therefore, the Court should grant Plaintiff's motion, deny Defendants summary judgment, and allow Plaintiff the requested discovery and third-party depositions.

Respectfully submitted,

Dated: December 12, 2011

LAW OFFICES OF STEFAN COLEMAN, PLLC
Stefan Coleman (Florida Bar # 0030188)

By: /s/ Stefan Coleman
Stefan Coleman
1072 Madison Ave, Suite 1,
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Email: law@stefancoleman.com

Of Counsel:

WEISS & LURIE
Jordan L. Lurie (jlurie@weisslurie.com)
Joel E. Elkins (jelkins@weisslurie.com)
10940 Wilshire Blvd., 23rd Floor
Los Angeles, CA 90024
Telephone: (310) 208-2800

Attorneys for Plaintiff and the Proposed Class