UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:11-cv-81080-MIDDLEBROOKS/JOHNSON

DIANE PFISTER, individually and on
Behalf of all others similarly situated,

    Plaintiff,

v.

PROFINITY, LLC, a Nevada limited liability
company d/b/a Profinity, FAMILY SAVINGS,
LLC, a Florida limited liability company,
MARTIN TOHA, MARK BEACHAM, PAUL
QUINTAL and RANDI SWATT,

    Defendants.

_____/

## THE INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND, ALTERNATIVELY TO DISMISS COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendants, MARTIN TOHA, MARK BEACHAM, PAUL QUINTAL and RANDI SWATT (collectively, "the Individual Defendants"), by and through their undersigned counsel and pursuant to Rules 8(a)(2), 12(b)(6) and 56, Fed. R. Civ. P., and Rules 7.1(C) and 7.5, S.D. Fla. L.R., hereby move for summary judgment against the Plaintiff, DIANE PFISTER ("Plaintiff" or "Pfister") and, alternatively, to dismiss the Complaint for failure to state a claim upon which relief may be granted, and in support thereof state as follows:

The Individual Defendants have contemporaneously herewith given Notice of their Joinder in the Motion for Summary Judgment and, Alternatively to Dismiss Complaint and Supporting Memorandum of Law filed by Defendants, PROFINITY, LLC ("Profinity") and FAMILY SAVINGS, LLC ("Family") (collectively, "the Corporate Defendants") against the

Plaintiff [DE-18] and the Corporate Defendants' Notice of Filing the Affidavit of Paul Quintal and the Declaration of George Miller, Jr., Esq. [DE-19]. In addition to adopting and incorporating herein the Statement of Undisputed Material Facts and legal argument made by the Corporate Defendants, the Individual Defendants make the following unique arguments in support of summary judgment in their favor and, in the alternative, in favor of dismissal.

## INTRODUCTION

Notwithstanding the fact that Pfister alleges receipt of only a single unsolicited SMS text message, she has named two corporate entities and four individuals as defendants and alleges that all are responsible for having sent it or caused it to be sent. As to "all Defendants," Pfister alleges two counts for (1) unintentional violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 and (2) knowing and/or willful violation of the TCPA. Yet Pfister sets forth only a "formulaic recitation" of the elements of her claims; she alleges no facts to state a claim to relief that is plausible on its face as to each of the Individual Defendants. The only allegations unique to these defendants appear in Paragraphs 9-12, where Pfister alleges they served as officers of Profinity and that Defendants Paul Quintal and Swatt were "in charge of marketing and advertising." Complaint at ¶¶11-12.

In addition to the grounds set forth in the Corporate Defendants' Motion, the Individual Defendants are entitled to summary judgment as a matter of law because it is undisputed that they did not direct, control, authorize or personally participate in the sending of any unsolicited text messages to Pfister. At a minimum, the Individual Defendants are entitled to an order dismissing the claims against them for failure to state a claim for all those reasons set forth in the Corporate Defendants' Motion and because Pfister has failed to allege any facts outlining a basis for liability against any one of the Individual Defendants.

2

## APPLICABLE LAW

As a general rule, a corporate officer or director is not liable for statutory violations or other torts based solely on his or her corporate office or ownership. See Kimmons v. IMC Fertilizer, Inc., 844 F.Supp. 738, 738 (M.D. Fla. 1994) (collecting Florida cases). Instead, a corporate officer will be held liable for actions committed by or for the corporation unless the officer participated in the wrong. See id.; Aboujaoude v. Poinciana Development Co. II, 509 F.Supp.2d 1266 (S.D. Fla. 2007). See also Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363 (Fla. 4th DCA 1981) (holding that a corporate officer "does not incur personal liability for his torts merely be reason of his official character; he is not liable for torts by and for the corporation unless he has participated in the wrong"); McElveen v. Peeler, 544 So. 2d 270 (Fla. 1st DCA 1989) ("A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable.")

The aforementioned principles apply equally under the TCPA; an officer acting on behalf of a corporation may only be held personally liable under the TCPA "if he had direct, personal participation in or personally authorized the conduct found to have violated the statute." Texas v. Am. Blastfax, 164 F.Supp.2d 892, 898 (W.D. Tex. 2001); see also Baltimore-Washington Tel. Co. v. Hot Leads Co., 584 F.Supp.2d 736, 745 (D. Md. 2008) (observing that if defendants sued for sending unsolicited faxes "actually committed the conduct that violated the TCPA, and/or ... actively oversaw and directed the conduct," they could be held individually liable for the statutory violations). Thus, in American Blastfax, the court found corporate officers jointly and severally liable for Blastfax's violations of the TCPA because they were the "guiding spirits" and the "central figures" behind the TCPA violations. 164 F.Supp.2d at 898-99 ("They both had

3

direct, personal involvement in and ultimate control over every aspect of Blastfax's wrongful conduct that violated the TCPA, and/or directly controlled and authorized this conduct.")

**A.     The Individual Defendants Are Entitled to Summary Judgment.**

For all of the reasons set forth in the Corporate Defendants' Motion, the Individual Defendants are entitled to summary judgment. Specifically, the undisputed facts establish that the Individual Defendants did not commit, direct, authorize or have any personal involvement in sending an unsolicited text message to Pfister or any other transmission of SMS messages by Moonlight Drive Media, LLC ("Moonlight"). Neither Profinity nor Family Savings initiated, sent or authorized the SMS message allegedly sent to Pfister; the phone number listed in that message, as alleged in paragraph 16, is not owned or operated by any defendant. (DE-19-1, Aff. Quintal ¶¶10-11). No one at Profinity was aware that Moonlight used SMS messaging until this suit was filed. (DE-19-2, Dec. Miller ¶8).

The Profinity officer who principally negotiated with Moonlight was Defendant, Paul Quintal. (DE-19-1, Aff. Quintal ¶5). Mindful of the perils associated with SMS messaging and the federal laws regulating the same, Mr. Quintal insisted that all references to SMS messaging be removed from Profinity's agreement with Moonlight and submitted that agreement to his Legal and Compliance Department to ensure compliance with all regulations. (See id. ¶¶3, 6-9, 13). Mr. Quintal made clear to Moonlight's principal representative, Andrew Stollman, that the Insertion Order by and between the parties would not contemplate the sending of SMS messages. (See id. ¶6). When Moonlight included such references in draft agreements, they were instructed that Profinity would not agree to SMS marketing and such references were summarily stricken and removed from the parties' final agreement by Profinity's in-house counsel George Miller, Jr., Esq. (DE-19-2, Decl. Miller ¶5 & Ex. B).

4

In light of the foregoing, the Individual Defendants are entitled to summary judgment. Neither Profinity nor Family Savings sent the text message at issue to Pfister, nor was that text message sent on their behalf. Moreover, it is undisputed that the Individual Defendants did not direct, personally participate in or personally authorize the sending of an unsolicited text message to Pfister. Instead, the Individual Defendants involved in the relationship by and between Profinity and Moonlight directed Moonlight not to send any such messages. There can be no liability against the Individual Defendants under the circumstances.

**B.   In the Alternative, the Complaint Must Be Dismissed as to the Individual Defendants.**

At a minimum, the Complaint must be dismissed for all of the reasons set forth in the Corporate Defendants' Motion. Specifically as to the Individual Defendants, Pfister has failed to even conclusorily allege the personal involvement or participation by any one of them in the sending of unsolicited text messages to her.

To survive a motion to dismiss following the Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007), a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bentley v. Bank of America, 773 F.Supp.2d 1367 (S.D. Fla. 2011) (citing Twombly, 550 U.S. at 555, 127 S.Ct. 1955). The court need only accept as true well-pleaded factual allegations, not legal conclusions. See id. (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-51 (2009)). A court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Id. (quoting Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993)).

Here, Pfister simply lumps together "all Defendants" and suggests that liability exists against the Individual Defendants based on their mere status as officers of Profinity. As set forth *supra*, Pfister cannot state a claim against the Individual Defendants for actions taken by or on behalf of the Corporate Defendants by simply alleging they served as officers of these entities. The practice of "lumping defendants" is likewise improper. See Bentley, 773 F.Supp.2d at 1374-75. The Individual Defendant are alternatively entitled to dismissal of the claims against them.

WHEREFORE, Defendants, MARTIN TOHA, MARK BEACHAM, PAUL QUINTAL and RANDI SWATT ("the Individual Defendants"), request the Court to grant summary judgment in their favor. In the alternative, the Individual Defendants request the Court dismiss the Complaint for failure to state a claim upon which relief may be granted and/or for failure to plead with sufficient particularity. The Individual Defendants further request any other relief this Court deems just and proper.

Respectfully submitted,

By: **/s/ Sidney A. Stubbs**
Sidney A. Stubbs, Esq.
Florida Bar No. 095596
E-mail: sstubbs@jones-foster.com
Joanne M. O'Connor, Esq.
Florida Bar No: 0498807
E-mail: joconnor@jones-foster.com
Scott G. Hawkins, Esq.
Florida Bar No. 460117
E-mail: shawkins@jones-foster.com
JONES, FOSTER, JOHNSTON & STUBBS, P.A.
505 South Flagler Drive; Suite 1100; P.O. Box 3475
West Palm Beach FL 33402-3475
Telephone: (561) 659-3000
Facsimile: (561) 650-0422

7

## CERTIFICATE OF SERVICE

   I hereby certify that on December 30, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

            By: **/s/ Sidney A. Stubbs**
                Sidney A. Stubbs

p:\docs\26781\00001\pld\1c67648.docx

## SERVICE LIST
## PFISTER v PROFINITY, ET AL.
## CASE NO. 9:11-cv-81080 MIDDLEBROOKS/JOHNSON
### United States District Court, Southern District of Florida

Stefan Coleman, Esquire
law@stafancoleman.com
1072 Madison Avenue
Suite 1
Lakewood, NJ  08701
Telephone: 877-333-9427
Facsimile:  888-498-8946

Joel Elkins, Esquire
jelkins@weisslurie.com
Jordan L. Lurie, Esquire
jlurie@weisslurie.com
Weiss & Lurie
10940 Wilshire Boulevard
23rd Floor
Los Angeles, CA 90024
Telephone:  310-208-2800


p:\docs\26781\00001\pld\1c67648.docx