UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 11-81080-CIV-MARRA/HOPKINS

| | |
|---|---|
| DIANE PFISTER, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PROFINITY, LLC, a Florida limited liability company, d/b/a Profinity; FAMILY SAVINGS, LLC, a Nevada limited liability company; MARTIN TOHA; MARK BEACHAM, PAUL QUINTAL; RANDI SWATT, )<br>)<br>Defendants. )<br>_____ ) | **CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

      Plaintiff Diane Pfister hereby submits this response to the Court's Order to Show Cause (Dkt #39) why the Individual Defendants' Motion for Summary Judgment and Alternatively to Dismiss Complain (Dkt #30) should be not be granted.

      Plaintiff apologizes to the Court for failing to file a timely, separate opposition to the individual defendants' Motion. However, the reasons set forth in the papers filed in opposition to the Corporate Defendants' MSJ and in support of Plaintiff's Rule 56(d) motion for additional discovery apply equally to this motion as well and are incorporated herein by reference.

1

First, TCPA is a strict liability statute, which does not require the SMS messages in question to have been sent at the explicit direction of, or even with the cooperation of, the charged party. *See, e.g., Alea London Ltd. v. American Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011). Therefore, Defendants' very basis for summary judgment or dismissal is without basis.

Second, like the Corporate Defendants in their MSJ, the Individual Defendants also rely on bold statements such as "the **undisputed** facts establish that the Individual Defendants did not commit, direct, authorize or have any personal involvement in sending an unsolicited text message to Pfister," "No one at Profinity was aware that Moonlight used SMS messaging until this suit was filed," and "the Individual Defendants . . . directed Moonlight <u>not</u> to send any such messages." (MSJ at 4-5, citing the Quintal and Miller declarations filed in support of the Corporate Defendants' MSJ) (bold added; underline original). However, as noted in Plaintiff's Opposition to the Corporate Defendants' MSJ, these facts are **not** undisputed. To the contrary, discovery produced to date shows that Profinity worked closely with Moonlight on a marketing plan that specifically included SMS texts. (Corp. Def. MSJ Oppn. at 5-6.).

Furthermore, the individual defendants were, based on their positions with a start-up company the size of Profinity, undoubtedly involved in the company's marketing, including the sending of the illegal texts, and the discovery obtained to date bears out that involvement. Defendant Martin Toha is Profinity's CEO, Defendant Mark Beacham is its President, Defendant Randi Swatt is its Chief Operating Officer of Profinity, LLC in charge of marketing and advertising, and Paul Quintal is its executive in charge of marketing and advertising. While, Paul Quintal was Profinity's point-man during the negotiations with MDM, each of the other individuals also was involved, on some level with the process, based on documents produced by

2

Defendants.  At a minimum, Plaintiff has raised triable issues of fact which preclude summary judgment as to all defendants.  Summary judgment cannot be granted if there are any material issues of disputed fact.  *State Farm Mut. Auto. Ins. Co. v. Duckworth*, 648 F.3d 1216, 1221 (11th Cir. 2011); *Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007).

Third, Plaintiff has had virtually no opportunity to conduct any discovery prior to responding to the pending motions, because both the Corporate Defendants' and Individual Defendants' MSJ's were filed in lieu of an answer and at the very beginning of this litigation. Fed. R. Civ. P. 56(f). Rule 56(f) "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the non-moving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  In Plaintiff's Rule 56(f) motion, she has identified specific discovery material to the pending motions which would raise triable issues of fact as to all defendants.  Even in cases during later stages of litigation, courts have routinely granted discovery rather than rule on summary judgment based on an incomplete record.

Moreover, to the extent the allegations in the original complaint are lacking, the proper procedure would be to grant Plaintiff leave to amend the Complaint, not to dismiss the Complaint with prejudice after only the initial pleading.

For the reasons outlined above (and elaborated in the Plaintiff's Rule 56(d) Motion and Opposition to the Corporate Defendants' Motion for Summary Judgment), the Court should deny the Individual Defendants' Motion for Summary Judgment, or, at a minimum, continue the Motion to allow Plaintiff opportunity to conduct necessary party and third-party discovery.

//

//

Respectfully submitted,

Dated: February 6, 2012

LAW OFFICES OF STEFAN COLEMAN, PLLC
Stefan Coleman (Florida Bar # 0030188)

By:  /s/ Stefan Coleman
      Stefan Coleman
1072 Madison Ave, Suite 1
Lakewood, NJ  08701
Telephone:     (877) 333-9427
Facsimile:      (888) 498-8946
Email: law@stefancoleman.com

Of Counsel:

WEISS & LURIE
Jordan L. Lurie  (jlurie@weisslurie.com)
Joel E. Elkins (jelkins@weisslurie.com)
10940 Wilshire Blvd., 23rd Floor
Los Angeles, CA  90024
Telephone:     (310) 208-2800

Attorneys for Plaintiff and the Proposed Class